UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMANUEL JOHNSON, SR.,

     Applicant,

v.                                       Case No. 8:13-cv-381-SDM-TGW
                                               ( Death Case )

SECRETARY, Department of Corrections,           (victim: Iris White)

     Respondent.

_____/

EMANUEL JOHNSON, SR.,

     Applicant,

v.                                         Case No. 8:13-cv-382-SDM-TGW
                                             ( Death Case )

SECRETARY, Department of Corrections,      (victim: Jackie McCahon)

     Respondent.

_____/

**ORDER**

     Johnson is incarcerated within the Florida Department of Corrections under two sentences of death based on the unrelated murders of Iris White and Jackie McCahon. The convictions and sentences were affirmed on direct appeal — *Johnson v. State*, 660 So. 2d 637 (Fla. 1995) (*Johnson – White I*); *Johnson v. State*, 660 So. 2d 648 (Fla. 1995) (*Johnson – McCahon I*) — and the subsequent denial of post-conviction relief was

affirmed. *Johnson v. State*, 104 So. 3d 1010 (Fla. 2012) (*Johnson – White II* ); *Johnson v. State*, 104 So. 3d 1032 (Fla. 2012) (*Johnson – McCahon II* ).

Johnson challenges his convictions and sentences under 28 U.S.C. § 2254, which review is complicated because four actions challenge his two convictions, specifically, Johnson challenges each conviction both *pro se* and by post-conviction counsel.[1]  The conviction and death sentence for the murder of Iris White is challenged *pro se* in 13-cv-381-SDM-TGW and by post-conviction counsel in 13-cv-392-SDM-TGW.  The conviction and death sentence for the murder of Jackie McCahon is challenged *pro se* in 13-cv-382-SDM-TGW and by post-conviction counsel in 13-cv-393-SDM-TGW.  This order addresses Johnson's two *pro se* actions, in which actions he asserts the same four issues and in which he argues entitlement to review under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (authorizing under narrow circumstances the federal review of a procedurally defaulted claim of ineffective assistance of trial counsel).  Johnson procedurally defaulted each of the four issues he now asserts and, as this order determines, none is entitled to a review on the merits.

An earlier order (Doc. 21) appoints counsel for Johnson because a conflict of interest might exist if, as Johnson alleges in his *pro se* applications, post-conviction counsel (who presently represents Johnson in the two applications filed in 13-cv-392 and 13-cv-393) rendered ineffective assistance during the state post-conviction

---

[1]  In state court Johnson was allowed to supplement post-conviction counsel's challenges to his convictions and sentences with additional claims he filed *pro se*. Johnson re-asserts those additional claims in his *pro se* applications under Section 2254.

proceedings.  As a consequence, those two actions initially filed by post-conviction counsel (13-cv-392 and 13-cv-393) are stayed until the *Martinez* and procedural default issues are resolved in the actions initially filed *pro se* (13-cv-381 and 13-cv-382).

The two actions initially filed *pro se* now proceed under a single memorandum of law (filed by appointed counsel) applicable in both actions, the respondent's response, and appointed counsel's reply.  (Docs. 81, 88, and 93 in 13-cv-381 (White); Docs. 77, 84, and 89 in 13-cv-382 (McCahon))  The memorandum both argues entitlement to review of some grounds based on *Martinez* and admits that *Martinez* is inapplicable to entitle review of some grounds but that review of those grounds is still permitted under the traditional "cause and prejudice" analysis of procedural default.

## I.  EXHAUSTION AND PROCEDURAL DEFAULT

An applicant must present each claim to a state court before presenting the claim to a federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (citing *Duncan*).  "Fair presentation" requires alerting the state courts to both the law and the facts that support the federal nature of the claim.  The failure to properly exhaust a claim in state court causes a procedural default of the claim.  The reason for both requiring

exhaustion and applying procedural default is explained in *Shinn v. Ramirez*, 596 U.S.

366, 378–79 (2022) (brackets and ellipsis original):

> State prisoners, however, often fail to raise their federal claims in
> compliance with state procedures, or even raise those claims in
> state court at all. If a state court would dismiss these claims for
> their procedural failures, such claims are technically exhausted
> because, in the habeas context, "state-court remedies are . . .
> 'exhausted' when they are no longer available, regardless of the
> reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92–
> 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). But to allow a state
> prisoner simply to ignore state procedure on the way to federal
> court would defeat the evident goal of the exhaustion rule. *See
> Coleman*, 501 U.S. at 732, 111 S. Ct. 2546. Thus, federal habeas
> courts must apply "an important 'corollary' to the exhaustion
> requirement": the doctrine of procedural default. *Davila*, 582 U.S.,
> at ___, 137 S. Ct., at 2064. Under that doctrine, federal courts
> generally decline to hear any federal claim that was not presented
> to the state courts "consistent with [the State's] own procedural
> rules." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587,
> 146 L. Ed. 2d 518 (2000).
>
> Together, exhaustion and procedural default promote federal-state
> comity. Exhaustion affords States "an initial opportunity to pass
> upon and correct alleged violations of prisoners' federal rights,"
> *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed. 2d 1
> (1981) (*per curiam*), and procedural default protects against "the
> significant harm to the States that results from the failure of federal
> courts to respect" state procedural rules, *Coleman*, 501 U.S. at 750,
> 111 S. Ct. 2546. Ultimately, "it would be unseemly in our dual
> system of government for a federal district court to upset a state
> court conviction without [giving] an opportunity to the state courts
> to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200,
> 204, 70 S. Ct. 587, 94 L. Ed. 761 (1950), and to do so consistent
> with their own procedures, *see Edwards*, 529 U.S. at 452–453, 120
> S. Ct. 1587.

The exhaustion requirement is not met if a defendant fails to alert the state

appellate court that the trial court allegedly violated a federally protected right.  As

*Reese* explains, 541 U.S. at 32, an applicant must alert the state court that he is raising a

federal law claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the
> federal law basis for his claim in a state-court petition or brief, for
> example, by citing in conjunction with the claim the federal source
> of law on which he relies or a case deciding such a claim on
> federal grounds, or by simply labeling the claim "federal."

As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted); *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). An applicant must present to the state court the same claim presented to the federal court. *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Duncan*, 513 U.S. at 366.

## II. *MARTINEZ* EXCEPTION TO PROCEDURAL DEFAULT

As *Shinn* explained above, an applicant requesting a federal court to issue a writ of habeas corpus must present each claim to the state courts in the procedurally correct manner. The procedurally correct manner for raising (1) a claim of trial court error is in a direct appeal, (2) a claim of ineffective assistance of trial counsel is in a post-conviction proceeding, and (3) a claim of ineffective assistance of appellate counsel is in a petition under Rule 9.141(d), Florida Rules of Appellate Procedure, for the writ

of habeas corpus filed in the appropriate district court.  However, for an applicant challenging a sentence of death in Florida's courts, an applicant (1) must, under Rule 3.851, Florida Rules of Criminal Procedure, raise a claim of ineffective assistance of trial counsel in a motion for post-conviction relief, and (2) must, under Rule 9.142(b)(4), Florida Rules of Appellate Procedure, raise a claim of ineffective assistance of appellate counsel in a petition for the writ of habeas corpus filed "simultaneously with the initial brief in the appeal" from the denial of the Rule 3.851 motion.  Under Rule 3.851(e)(1), a post-conviction court is not authorized to grant relief "based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."  *See Henry v. State*, 933 So. 2d 28, 29 (2DCA 2006) ("[C]laims of prosecutorial misconduct and trial court error should have been raised on direct appeal.").  Johnson's application, generously construed, presents claims of ineffective assistance of trial, appellate, and post-conviction counsel.

An exception to the procedural default doctrine applies to a claim of ineffective assistance of trial counsel.  Under *Martinez*, 566 U.S. at 17, a narrow exception exists for a claim that was otherwise procedurally defaulted in state court, specifically, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, . . . counsel . . . was ineffective."  To overcome the default, *Martinez* requires the applicant to "demonstrate that the

underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  566 U.S. at 14.

## A.  Ground One

Johnson's state post-conviction counsel asserted many claims of ineffective assistance of trial counsel.  Johnson, *pro se*, was allowed to file additional claims of ineffective assistance of trial counsel.  "Before the evidentiary hearing was held, Johnson filed several *pro se* pleadings . . . raising additional claims that he believed were not adequately addressed by collateral counsel."  *Johnson – White II*, 104 So. 3d at 1016; *Johnson – McCahon II*, 104 So. 3d at 1035–36.  Also before the evidentiary hearing was held, post-conviction counsel (as part of an agreement with Johnson and the post-conviction court) adopted these additional claims.  The post-conviction court issued a single order for both murder cases, which order summarily denied the adopted *pro se* claims because the claims were conclusory and warranted no evidentiary hearing. *Johnson – White II*, 104 So. 3d at 1017; *Johnson – McCahon II*, 104 So. 3d at 1036.

In the supporting memorandum (Doc. 81 at 37 in 13-cv-381; Doc. 77 at 37 in 13-cv-382), appointed counsel restates Johnson's *pro se* ground one as follows:

> Trial counsel rendered ineffective assistance by inviting and permitting the prosecution to obtain confidential information from court-appointed confidential defense experts, thereby impermissibly waiving the attorney-client privilege, in violation of Mr. Johnson's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Appointed counsel (1) admits both (a) that post-conviction counsel "did raise the underlying substance of this claim in some form in Mr. Johnson's state post-conviction

proceedings, as 'Claim I' regarding trial counsel's ineffectiveness for 'mishandling of mental health experts, in violation of the fifth, sixth, eighth and fourteenth Amendments' " and (b) that post-conviction counsel appealed the claim "to the Florida Supreme Court as 'Argument I' in its Initial Brief on Appeal, alleging that the circuit court 'erred in denying claims of ineffective assistance of counsel due to prejudicial disclosure of confidential experts' " [2] and (2) concludes that "[t]his procedural history means that the underlying trial counsel ineffectiveness claim itself is not procedurally defaulted." (Doc. 81 at 38 in 13-cv-381; Doc. 77 at 38 in 13-cv-382)

Nevertheless, appointed counsel (1) asserts that post-conviction counsel was ineffective at the post-conviction evidentiary hearing by not adequately developing the claim with additional facts and (2) contends that *Martinez* should apply when "the underlying trial counsel ineffectiveness claim was not defaulted, but [that] post-conviction counsel failed to properly develop the evidence supporting the claim . . . ." (Doc. 81 at 36 in 13-cv-381; Doc. 77 at 36 in 13-cv-382) Appointed counsel argues (Doc. 81 at 39 in 13-cv-381; Doc. 77 at 39 in 13-cv-382) (citations omitted) (bolding added) that the breadth of *Martinez*, as applicable to Johnson, "presents unsettled legal questions," specifically:

> There exists tension in the law between § 2254(e)(2) and *Cullen v. Pinholster*, which emphasize that AEDPA review is "limited to the record that was before the state court that adjudicated the claim on the merits" 563 U.S. 170, 181 (2015), and *Martinez*, which allows a petitioner to put forth new evidence supporting ineffective assistance of trial counsel claims when those claims have

---

[2] This claim is alleged in the two actions that are stayed pending the resolution of the applicability of *Martinez*.

> previously been hindered by state post-conviction counsel's
> ineffectiveness.  566 U.S. at 12. While the Eleventh Circuit has
> shown a tendency to follow *Pinholster* . . . it remains an **open
> question** whether ineffective assistance of trial counsel claims that
> are minimally raised in prior state proceedings may proceed under
> *Martinez* during federal review.

The "open question" (as appointed counsel characterizes the issue) was later answered

by *Shinn*, 142 S. Ct. at 1739): unless an applicant satisfies the "'stringent requirements'

[of § 2254(e)(2),] a federal court may not hold an evidentiary hearing—or otherwise

consider new evidence—to assess cause and prejudice under *Martinez*."  Moreover,

*Shinn*, 142 S. Ct. at 1734–35, explains the holding and reasoning for the limitation on

the consideration of new evidence:

> We now hold that, under § 2254(e)(2), a federal habeas court may
> not conduct an evidentiary hearing or otherwise consider evidence
> beyond the state-court record based on ineffective assistance of
> state postconviction counsel.
>
> Respondents' primary claim is that a prisoner is not "at fault,"
> *Michael Williams*, 529 U.S. at 432, 120 S. Ct. 1479, and therefore
> has not "failed to develop the factual basis of a claim in State court
> proceedings," § 2254(e)(2), if state postconviction counsel
> negligently failed to develop the state record for a claim of
> ineffective assistance of trial counsel. But under AEDPA and our
> precedents, state postconviction counsel's ineffective assistance in
> developing the state-court record is attributed to the prisoner.
>
> As stated above, a prisoner "bears the risk in federal habeas for all
> attorney errors made in the course of the representation," *Coleman*,
> 501 U.S. at 754, 111 S. Ct. 2546, unless counsel provides
> "constitutionally ineffective" assistance, *Murray*, 477 U.S. at 488,
> 106 S. Ct. 2639. And, because there is no constitutional right to
> counsel in state postconviction proceedings, *see Davila*, 582 U.S.,
> at ___, 137 S. Ct., at 2065, a prisoner ordinarily must "bea[r]
> responsibility" for all attorney errors during those proceedings,
> *Michael Williams*, 529 U.S. at 432, 120 S. Ct. 1479. Among those
> errors, a state prisoner is responsible for counsel's negligent failure
> to develop the state postconviction record.

As his first ground for relief Johnson alleges that post-conviction counsel failed to adequately develop the state court record to support his claim that trial counsel rendered ineffective assistance by inviting and permitting the prosecution to obtain confidential information from court-appointed confidential defense experts.  Johnson admits that post-conviction counsel exhausted the **claim**, just not the **additional facts** he contends support the claim.[3]  Because *Shinn* precludes considering facts that were not presented to the state courts to support the claim, Johnson's asserted entitlement to review under *Martinez* lacks merit, and Johnson fails to demonstrate his entitlement to an evidentiary hearing as established in Section 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> (A) the claim relies on —
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[3]  The claim that trial counsel was deficient for not preventing the disclosure of privileged information was denied on the post-conviction appeal in part because, under state law, "a defendant waives the attorney-client privilege as it attaches to a confidential rule 3.216(a) expert witness when the defense notifies the State and the trial court of its intent to utilize the expert as a witness at trial." *Johnson - White II*, 104 So. 3d at 1024.

Whether Johnson received the ineffective assistance of trial counsel, based on the disclosure of potentially confidential information from mental health experts, may proceed as alleged in the Section 2254 applications filed by post-conviction counsel and based on the factual basis presented to the state courts.  (Doc. 1, Ground Eight in 13-cv-392; Doc. 1, Ground Seven in 13-cv-393)

### B.  Ground Two

In the supporting memorandum (Doc. 81 at 69 in 13-cv-381; Doc. 77 at 69 in 13-cv-382), appointed counsel restates Johnson's *pro se* ground two as follows:

> Direct appeal counsel was ineffective in failing to properly raise federal constitutional arguments regarding the trial court's unconstitutional admission of Mr. Johnson's alleged confession.

Appointed counsel recognizes that *Martinez*, which is limited to defaulted claims of ineffective assistance of trial counsel, is inapplicable to this ground of ineffective assistance of appellate counsel.  "*Martinez* is not the proper procedural vehicle by which to bring these claims on federal habeas review [because] [t]he Supreme Court has declined to extend the *Martinez* equitable exception to claims of ineffective assistance of appellate counsel.  *Davila v. Davis*, 137 S. Ct. 2058, 2063–2064 (2017)."  (Doc. 81 at 70 in 13-cv-381; Doc. 77 at 70 in 13-cv-382)  Nevertheless, counsel extensively argues this ground, "in the spirit of this Court's appointment order," because Johnson identified this issue in his *pro se* application.

Appointed counsel argues that, notwithstanding the inapplicability of *Martinez*, Johnson is entitled to a merits review of this ground under the traditional "cause and

prejudice" analysis.  Whether Johnson can meet the traditional "cause and prejudice" requirements to overcome the procedural default is addressed later in this order.

## C.  Ground Three

In the supporting memorandum (Doc. 81 at 152 in 13-cv-381; Doc. 77 at 152 in 13-cv-382), appointed counsel restates Johnson's *pro se* ground three as follows:

> Mr. Johnson's federal constitutional rights were violated by prosecutorial misconduct when the State failed to disclose materially exculpatory evidence that the search warrants and accompanying documents—leading to Mr. Johnson's subsequent interrogation and alleged confession—had been falsified, and by the State's knowing use of falsified evidence; the State's actions rendered Mr. Johnson's trial counsel ineffective.

Appointed counsel asserts that "Johnson has a viable argument that post-conviction counsel's failure to adequately raise, present, and preserve this claim in the state courts constitutes cause to excuse default of this claim under *Martinez* . . . ." (Doc. 81 at 161 in 13-cv-381; Doc. 77 at 161 in 13-cv-382)  Appointed counsel faults post-conviction counsel for "failing to develop a sufficient record or preserve a claim on appeal in state court" and that such failure "should not preclude this Court from hearing the merits of [the] fabrication claim," which is a claim that post-conviction counsel "adopted verbatim in the circuit court from [the] *pro se* filings but failed to present to the Florida Supreme Court on appeal."  (Doc. 81 at 161 in 13-cv-381; Doc. 77 at 161 in 13-cv-382)

First, *Martinez* applies only to defaulted claims of ineffective assistance of trial counsel and, specifically, to claims that were procedurally defaulted in the initial post-conviction proceeding.  Appointed counsel recognizes that the underlying basis for ground three is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but counsel argues

for extending *Martinez* to a *Brady* claim.  Counsel cites no governing authority for such an expansive extension of *Martinez*.[4]

Second, ground three was presented to the circuit court when post-conviction counsel adopted Johnson's *pro se* supplemental grounds.  However, the ground was procedurally defaulted when post-conviction counsel omitted the ground from the appeal.  Appointed counsel recognizes this timing of the default:  post-conviction counsel "failed to raise this claim in the appeal brief to the Florida Supreme Court, and therefore failed to preserve the claim for federal review."  (Doc. 81 at 161–62 in 13-cv-381; Doc. 77 at 161–62 in 13-cv-382)  Consequently, when the default occurred post-conviction counsel was acting as appellate counsel, and as stated above, *Davila* rejects extending *Martinez* to a claim of ineffective assistance of appellate counsel.

## D.  Ground Four

In the supporting memorandum (Doc. 81 at 171 in 13-cv-381; Doc. 77 at 171 in 13-cv-382), appointed counsel restates Johnson's *pro se* ground four as follows:

> Mr. Johnson's federal constitutional rights were violated by judicial bias and misconduct when the judge issuing a home search warrant and accompanying probable cause affidavit contributed to fabrication of those documents by backdating and signing false copies of the same.

---

[4] Appointed counsel purports to bring a *Brady* claim under the umbrella of an ineffective-assistance-of-trial-counsel claim. A claim under *Brady* is based on an act, or the failure to act, by the prosecution whereas a claim of ineffective assistance of counsel is based on an act, or the failure to act, by defense counsel. Although an actual violation of *Brady* necessarily negatively impacts the defense, defense counsel is not responsible for the prosecution's acts, or failures to act, and *Martinez* is limited to only defense counsel's acts, or failures to act.

As with ground two, appointed counsel recognizes that *Martinez*, which is limited to defaulted claims of ineffective assistance of trial counsel, is inapplicable to this ground of ineffective assistance of appellate counsel. "*Martinez* is not the proper conduit" for this ground. (Doc. 81 at 174 in 13-cv-381; Doc. 77 at 174 in 13-cv-382) Instead, appointed counsel presents the following argument for entitlement to review of ground four (Doc. 81 at 176 in 13-cv-381; Doc. 77 at 176 in 13-cv-382):

> Because *Martinez* has historically been limited to underlying claims of trial counsel ineffectiveness, and because—unlike claims of prosecutorial misconduct—federal habeas has not historically remedied Fourth Amendment violations in an exclusionary context, . . . Mr. Johnson's strongest argument for this claim is not a *Martinez*/trial counsel ineffectiveness claim, but rather that the state courts denied him a full and fair forum with which to litigate the judicial bias claim as it implicates the Fourth Amendment.

Appointed counsel argues that, notwithstanding the inapplicability of *Martinez*, Johnson is entitled to a merits review of this ground because he was denied a full and fair forum to present his Fourth Amendment claim. The post-conviction court determined that the claim was procedurally defaulted because any new evidence could have been discovered earlier and because the alleged falsity issue could have been raised on direct appeal. Whether Johnson can meet the traditional "cause and prejudice" requirements to overcome the procedural default is addressed in the next section of this order.

### III. "CAUSE-AND-PREJUDICE" TO OVERCOME PROCEDURAL DEFAULT

As discussed above, the failure to properly exhaust each available state court remedy by not 'fairly presenting' a federal claim to the state courts in the proper procedural manner causes a procedural default of the unexhausted claim. A failure to

exhaust does not automatically preclude review if the applicant can overcome the default. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").  The reasoning for the procedural default doctrine and the procedure for overcoming the procedural default is explained by *Shinn*, 596 U.S. at 379–80 (ellipsis and italics original):

> "Out of respect for finality, comity, and the orderly administra-
> tion of justice," *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847,
> 158 L. Ed. 2d 659 (2004), federal courts may excuse procedural
> default only if a prisoner "can demonstrate cause for the default
> and actual prejudice as a result of the alleged violation of federal
> law," *Coleman*, 501 U.S. at 750, 111 S. Ct. 2546. To establish
> cause, the prisoner must "show that some objective factor external
> to the defense impeded counsel's efforts to comply with the State's
> procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct.
> 2639, 91 L. Ed. 2d 397 (1986). Then, to establish prejudice, the
> prisoner must show not merely a substantial federal claim, such
> that " 'the errors at . . . trial created a *possibility* of prejudice,' but
> rather that the constitutional violation 'worked to his *actual* and
> substantial disadvantage.' " *Id.*, at 494, 106 S. Ct. 2639 (quoting
> *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed.
> 2d 816 (1982)).

*Accord O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.").  Consequently, to demonstrate "cause" for his procedural default, Johnson must show an "external factor" was the reason for his failure to comply with Florida's procedural rules, and to show actual

prejudice Johnson must demonstrate that the alleged errors so infected the trial that his resulting conviction violates due process.

## A. Ground One

Appointed counsel asserts that post-conviction counsel was ineffective at the post-conviction evidentiary hearing by not adequately developing additional facts to support the claim that trial counsel rendered ineffective assistance by allowing the prosecution to obtain confidential information from court-appointed confidential defense experts. To meet the "cause" requirement, Johnson argues that post-conviction counsel was negligent — and consequently ineffective — by not adequately developing the additional facts. Ordinary attorney error or negligence cannot constitute "cause." *Shinn*, 596 U.S. at 380, explains:

> With respect to cause, "[a]ttorney ignorance or inadvertence" cannot excuse procedural default. *Coleman*, 501 U.S. at 753, 111 S. Ct. 2546. "[T]he attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Ibid*. (internal quotation marks omitted).

However, error that amounts to ineffective assistance of counsel can constitute "cause." *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) ("Attorney error that constitutes ineffective assistance of counsel is cause . . . ."); *Shinn* 596 U.S. at 380 ("[I]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.") (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). But only if the ineffectiveness

occurred when there was a constitutional right to counsel. *Davila v. Davis*, 582 U.S. 521, 528–29 (2017) (bolding added), explains:

> It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel. . . . It follows, then, that in proceedings for which the Constitution does not guarantee the assistance of counsel at all, **attorney error cannot provide cause to excuse a default**.

Because the right to counsel does not extend to a post-conviction proceeding (independent of *Martinez*), *Coleman*, 477 U.S. at 752, ("There is no constitutional right to an attorney in state post-conviction proceedings."), post-conviction counsel's alleged ineffectiveness "cannot provide 'cause' to excuse a default." *See also Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.).

## B. Ground Two

Appointed counsel asserts that direct appeal counsel was ineffective by not properly raising federal constitutional arguments that the trial court's admission of Mr. Johnson's alleged confession was constitutional error.[5] Unlike in ground one, Johnson had a constitutional right to counsel on direct appeal, *Douglas v. California*, 372 U.S. 353, 357 (1963), and, consequently, the constitutional right to the effective assistance of appellate counsel.

---

[5] Direct appeal counsel challenged the admissibility of the evidence only as a state law issue.

Johnson must have exhausted what he claims excuses his procedural default, to the extent the basis constitutes an independent constitutional claim. Ground two alleges an independent claim of ineffective assistance of appellate counsel. "A showing of ineffective assistance of appellate counsel in failing to raise a claim on direct appeal can constitute 'cause' so long as the ineffective assistance 'occur[red] during a stage when a petitioner had a constitutional right to counsel' and the ineffective-assistance claim itself is 'both exhausted and not procedurally defaulted.'" *Sealey v. Warden, Georgia Diagnostic Prison*, 954 F.3d 1338, 1365 (11th Cir. 2020) (internal citations omitted). *See also Edwards, v. Carpenter,* 529 U.S. 446, 453 (2000) (A federal habeas court is barred from considering a procedurally defaulted "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim" unless the petitioner establishes "the cause-and-prejudice standard with respect to" the ineffective assistance claim.); *Murray v. Carrier*, 477 U.S. at 488–89 ("[W]e think that the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) ("[P]rocedurally defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a[nother] claim.") (italics original)).

As stated earlier, the procedurally correct manner for raising a claim of ineffective assistance of appellate counsel when challenging a death sentence is controlled by Rule 9.142(b)(4), Florida Rules of Appellate Procedure, which requires post-conviction counsel to raise the claim of appellate-counsel claim in a petition for

the writ of habeas corpus filed "simultaneously with the initial brief in the appeal" from the denial of the Rule 3.851 motion.  Johnson complains that post-conviction counsel did not file the required petition for the writ of habeas corpus.  Consequently, the appellate-counsel claim is unexhausted and procedurally defaulted, and because post-conviction counsel's alleged error caused the default, post-conviction counsel's alleged ineffectiveness "cannot provide 'cause' to excuse a default," *Davila*, 582 U.S. at 5289, because Johnson had no constitutionally protected right to counsel in the post-conviction proceedings.

## C.  Grounds Three and Four

Ground three alleges prosecutorial misconduct for failing to comply with the disclosure requirements of *Brady*.  Appointed counsel faults post-conviction counsel for "failing to develop a sufficient record or preserve a claim on appeal in state court."

Ground four alleges a violation of the warrant requirement under the Fourth Amendment based on alleged judicial bias.  Johnson contends that he is entitled to a merits review of this ground because he was denied a full and fair forum to present his Fourth Amendment claim.  Johnson cannot pursue a Fourth Amendment claim in federal court if he had an opportunity for a full and fair review in state court.  *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").  The linchpin to whether federal review is precluded is whether Johnson had the opportunity for full

and fair litigation.  *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)[6] ("If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.").  Johnson had the opportunity to develop this claim in pre-trial proceedings, on direct appeal, and in the post-conviction proceedings.

For grounds three and four Johnson faults post-conviction counsel for not adequately developing the claims during the post-conviction proceeding and including the claims on the ensuing appeal.  Once again, as "cause" to overcome the procedural default, Johnson relies on the alleged ineffectiveness of post-conviction counsel, and as addressed above, *Davila* precludes just such a reliance.

Johnson's applications for the writ of habeas corpus (Doc. 1 in 13-cv-381-SDM-TGW; Doc. 1 in 13-cv-382-SDM-TGW) are **DENIED**.  The clerk must enter a judgment against Johnson and **CLOSE** these cases.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Johnson is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of

---

[6]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.

Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right."  To merit a COA, Johnson must show

that reasonable jurists would find debatable both the merits of the underlying claims

and the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v.*

*McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir.

2001).  Johnson is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is

**DENIED**.  Johnson must obtain permission from the circuit court to appeal *in forma*

*pauperis*.

ORDERED in Tampa, Florida, on March 27, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE